## C. I. T. CORPORATION v BAILES

Ohio Appeals, 1st Dist, Hamilton Co

No 5088.  Decided July 9, 1936

Donald Calhoun, Cincinnati, for appellee.
Julius R. Samuels, Cincinnati, for appellant.

## OPINION

By ROSS, PJ.

Appeal on questions of law from the Court of Common Pleas of Hamilton County, wherein a judgment of the Municipal Court of Cincinnati in favor of the appellee, plaintiff in the Municipal Court, was affirmed.

The action was for replevin, reformation of a chattel mortgage and damages. The mortgage was given by the appellant who sought to show that the automobile covered by the mortgage was the property of his wife. In this he was unsuccessful in the trial court, and we find nothing in the record to cause us to conclude that upon this point the Court of Common Pleas committed error in affirming the judgment of the Municipal Court of Cincinnati, which was as follows:

"This cause coming on for hearing upon the motion for a new trial, said motion is hereby overruled, and judgment rendered in favor of plaintiff the C. I. T. Corp. in the sum of $174.00 and costs, to all of which Deft. excepts."

Was the court authorized to award damages? The property had been redelivered to the defendant in the Municipal Court upon the giving of bond. The judgment did not provide for delivery to the plaintiff. The record does not justify the amount of the judgment, if it is based merely upon the factor of illegal detention.

Sec. 10477 GC, provides as follows:

"When the property claimed has not been taken or was returned to the defendant for want of bond, the action may proceed as one for damages only, and the plaintiff shall be entitled to such damages as are right. If the property be returned for want of a bond, the plaintiff must pay all costs made by taking it. If the property has

been re-delivered to the defendant on his executing the proper bond, and the finding is for the plaintiff, the defendant shall be ordered to deliver the property to him, and adequate damages must be assessed for its illegal detention."

The judgment could have been for the amount stated therein in lieu of redelivering to the plaintiff, but there is no authority for the judgment in the form rendered.

The case is remanded to the Court of Common Pleas with instructions to remand it to the Municipal Court of Cincinnati for such judgment as may be in conformity to law.

MATTHEWS & HAMILTON, JJ., concur.